**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** Nassau
-------------------------------------------------------------x
Northwell Health, Inc.

                    Plaintiff/Petitioner,

        - against -                              Index No.613820/2020

EMPIRE BLUE CROSS AND BLUE SHIELD, EMPIRE HEALTHCHOICE
ASSURANCE, INC., EMPIRE HEALTHCHOICE HMO, INC., andUNITED
WELFARE FUND

                    Defendant/Respondent.
-------------------------------------------------------------x

### NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:

> 1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

> 2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **<u>If</u> you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

- serving and filing your documents electronically

- free access to view and print your e-filed documents

- limiting your number of trips to the courthouse

- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated:   11/12/2020

Thomas B. Noonan
_____
Name

Butler Tibbetts, LLC
_____
Firm Name

Nine East 45th Street, 9th Floor
_____
New York, New York, 10017
_____
Address

203-656-1066
_____
Phone

tnoonan@butlertibbetts.com
_____
E-Mail

To:   _____

_____

_____

2/24/20

Index  #                    Page 2  of 2                    EFM-1

FILED: NASSAU COUNTY CLERK 11/30/2020 04:42 PM

NYSCEF DOC. NO. 1

INDEX NO. 613820/2020

RECEIVED NYSCEF: 11/30/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
----------------------------------------------------------------x

NORTHWELL HEALTH, INC.

                       Plaintiff,

    -against-

EMPIRE BLUE CROSS AND BLUE SHIELD,
EMPIRE HEALTHCHOICE ASSURANCE, INC.,
EMPIRE HEALTHCHOICE HMO, INC., and
UNITED WELFARE FUND,

                       Defendants.
----------------------------------------------------------------x

**Index No.** 613820/2020

**SUMMONS**
*Basis of Venue*
*Plaintiff's Address*

**TO THE ABOVE-NAMED DEFENDANTS:**

    Empire Blue Cross and Blue Shield
    9 Pine Street
    14th Floor
    New York, NY 10005

    Empire Healthchoice Assurance, Inc.
    9 Pine Street
    14th Floor
    New York, NY 10005

    Empire Healthchoice HMO, Inc.
    9 Pine Street
    14th Floor
    New York, NY 10005

    United Welfare Fund
    138-50 Queens Blvd
    Jamaica, NY 11435

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve

a copy of your answer or, if the complaint is not served with this summons, to serve a notice of

FILED: NASSAU COUNTY CLERK 11/30/2020 04:42 PM
NYSCEF DOC. NO. 1

INDEX NO. 613820/2020
RECEIVED NYSCEF: 11/30/2020

appearance, on Plaintiff's attorney within twenty (20) days after the service of this summons,

exclusive of the day of service (or within thirty (30) days after the service is complete if this

summons is not personally delivered to you within the State of New York); and in case of your

failure to appear or answer, judgment will be taken against you by default.

Plaintiff designates Nassau County as the place of trial on the grounds that Plaintiff's

principal place of business is in Nassau County.

DATED:     New York, New York
           November 30, 2020

                              Butler Tibbetts, LLC

By:

                              Thomas B. Noonan, Esq.
                              *Attorneys for Northwell*
                              Nine East 45th St, 9th FL
                              New York, NY 10017
                              (212) 629-4119

2

FILED: NASSAU COUNTY CLERK 11/30/2020 04:42 PM

NYSCEF DOC. NO. 1

INDEX NO. 613820/2020

RECEIVED NYSCEF: 11/30/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------x
NORTHWELL HEALTH, INC.,

                          Plaintiff,                              **Index No.**

      -against-
                                                                 **COMPLAINT**

EMPIRE BLUE CROSS AND BLUE SHIELD,
EMPIRE HEALTHCHOICE ASSURANCE, INC.,
EMPIRE HEALTHCHOICE HMO, INC., and
UNITED WELFARE FUND,

                          Defendants.
-------------------------------------------------------------------x

      Plaintiff Northwell Health, Inc., formerly North Shore - Long Island Jewish Health

System, Inc. ("Northwell"), by and through its attorneys, Butler Tibbetts LLC, as and for its

complaint, alleges as follows:

      1.     Northwell is a New York not-for-profit corporation that operates hospitals and

health care facilities that provide health care services to the public. The principal place of

business of Northwell is located at 2000 Marcus Avenue, New Hyde Park, New York 11042.

Northwell brings this lawsuit on its own behalf and on behalf of each of its affiliated hospitals

and health care facilities in the Northwell health system.

      2.     Upon information and belief, defendant Empire Blue Cross and Blue Shield

("Empire Blue Cross") is the trade name of defendants Empire HealthChoice, Inc., and Empire

HealthChoice Assurance, Inc.

      3.     Upon information and belief, defendant Empire HealthChoice HMO, Inc., also

known as Empire HealthChoice, Inc. (hereinafter referred to as "Empire HMO"), and defendant

3

FILED: NASSAU COUNTY CLERK 11/30/2020 04:42 PM      INDEX NO. 613820/2020
NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 11/30/2020

Empire HealthChoice Assurance, Inc. (hereinafter referred to as "Empire Assurance"), are for-profit health insurance corporations duly authorized to do business in New York, and the principal place of business of each is located at 9 Pine Street, 14th Floor, New York, New York 10005. Empire HMO is organized under Article 44 of the New York Public Health Law and Empire Assurance is organized under Article 42 of the New York Insurance Law. Collectively, Empire Blue Cross, Empire HMO and Empire Assurance are hereinafter referred to as "Empire."

4.      Empire is the New York subsidiary of Anthem, Inc., one of the largest public national insurance companies. Anthem operates the "Anthem Blue Cross Blue Shield (Anthem BCBS) Network."

5.      Upon information and belief, the United Welfare Fund ("UWF) is the Sponsor and Plan administrator of a self-insured medical plan referred to as the United Welfare Fund Welfare Benefit Plan or United Welfare Fund Welfare Division, to which members of eighteen local unions of the United Service Workers Union – International Union of Journeymen and Allied Trades ("USWU") were allowed to enroll for a fee. In all, 30,000 members of those local unions located throughout the United States paid local union fees in order to access the "Anthem Blue Cross Blue Shield (Anthem BCBS) Network." UWF's principal place of business is located at 138-50 Queens Boulevard, Jamaica, New York 11435.

**NATURE OF ACTION**

6.      Northwell brings this action against Empire for a judgment declaring that (1) Empire was not authorized under its agreements with Northwell to grant UWF members in-network access to Northwell's facilities and Practitioner Group; and (2) Northwell has a right to direct Empire to stop granting UWF and its members in-network access to Northwell's facilities

4

and Practitioner Group.  Northwell also seeks certain additional relief in connection with Empire's breaches of the provider agreements Northwell has entered into with Empire, including damages arising from Empire's unauthorized arrangement purportedly granting UWF and its members access to Northwell's facilities and Practitioner Group and Empire's failure to exclude UWF and its members from accessing Northwell's facilities and Practitioner Group.

7.      Northwell also brings this action against UWF for a judgment (1) declaring that Northwell has a right to direct UWF and its members that they do not have in-network access to Northwell's facilities or Practitioner Group, and directing UWF to take appropriate steps to inform its members that they no longer have access in-network services from Northwell's facilities or Practitioner Group, and (2) for damages arising from UHF's failure to timely and fully pay the amounts due to Northwell for the healthcare services provided to UWF members who UWF says were authorized to access in-network care under Empire's provider agreements with Northwell and its Practitioner Group.

8.      As a not-for-profit health care system, Northwell is substantially prejudiced by long delays in payments, and being paid less than contracted rates, for the services it provides. As a result, Northwell's agreements with Empire contain prompt pay provisions and offer other protections in the event Northwell experiences delays in receipt of payments for the healthcare it provides to patients who are members of health care plans issued or administered by Empire or its affiliates ("Empire's Insureds"), including restrictions on the type of contractual arrangements Empire may enter into when giving a health plan access to the Northwell healthcare system, and provisions giving Northwell the right to compel Empire to exclude delinquent paying health plans from having access to in-network care at Northwell health care facilities.

5

FILED: NASSAU COUNTY CLERK 11/30/2020 04:42 PM

NYSCEF DOC. NO. 1

INDEX NO. 613820/2020

RECEIVED NYSCEF: 11/30/2020

9.      Northwell has not been paid over $9,500,000 owed for healthcare services it has provided to Empire's Insureds, purportedly insured by a plan sponsored by UWF, which Empire and UWF assert gives those patients in-network access to Northwell's facilities and its Practitioner Group.

10.      On or about January 1, 2000, Northwell and Empire entered into two in-network Participating Hospital Agreements (detailed below), pursuant to which Northwell commits to provide health care services to Empire's Insureds. Later, Northwell, on behalf of its health care professional employees, and Empire entered into a Participating Practitioners Group agreement. Those agreements, which have been amended numerous times, set forth the rates to be paid by Empire to Northwell and its Practitioner group for the health care services provided to Empire's Insureds. The rates set forth in those agreements are lower than Northwell's regular rates, the benefit of which is, in part, passed on to the members of health care plans issued or administered by Empire.

11.      On or about January 1, 2000, Northwell, on behalf of itself and its affiliated hospitals and facilities, entered into a Participating Hospital Agreement with Empire Blue Cross and Empire HMO and their affiliates ("Participating Hospital HMO Agreement"). Among other things, the Participating Hospital HMO Agreement provided that Northwell's health care system would be a participating, or in-network provider in the Empire managed care network and Empire would pay Northwell's health care network at rates set forth in the Participating Hospital HMO Agreement for the health care services provided to patients insured in HMO based health care insurance plans issued or managed by Empire HMO.

6

NYSCEF DOC. NO. 1

INDEX NO. 613820/2020

RECEIVED NYSCEF: 11/30/2020

12.     On or about January 1, 2000, Northwell, on behalf of itself and its affiliated hospitals and facilities, entered into a Participating Hospital Agreement with Empire Blue Cross and Empire Assurance and their affiliates ("Participating Hospital PPO/Indemnity Agreement"). Among other things, the Participating Hospital PPO/Indemnity Agreement provided that Northwell's health care network would be a participating, or in-network, provider in the PPO and Point of Service health care plans issued or managed by Empire Blue Cross or Empire Assurance, and that Empire would pay Northwell's health care network at rates set forth in the Participating Hospital PPO/Indemnity Agreement for the health care services provided to patients insured under such health care plans issued or managed by Empire Assurance.

13.     Northwell refers to the Participating Hospital HMO Agreement and the Participating Hospital PPO/Indemnity Agreement as the "Participating Hospital Agreements." Between January 1, 2000 and the present, Northwell and Empire have entered into multiple amendments to the Participating Hospital Agreements.

14.     In addition, on or about May 11, 2009, Empire and Northwell, on behalf of its full and certain part-time provider employees, entered into a Participating Practitioner Group Agreement, effective as of January 1, 2008, which set forth the terms under which duly licensed providers of health care services agreed to participate in health benefit programs underwritten or administered by Empire, Empire HMO, and Empire Assurance (the "Participating Practitioner Agreement").

15.     Empire and Northwell have entered into amendments which, *inter alia*, have extended the terms of the Participating Hospital Agreements and the Participating Practitioner Agreement, and set new rates for the care provided by Northwell and the Practitioner Group.

7

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST EMPIRE FOR A DECLARATORY JUDGMENT WITH RESPECT TO EMPIRE'S UNAUTHORIZED ARRANGEMENT WITH UWF PURPORTING TO PROVIDE UWF MEMBERS WITH IN-NETWORK ACCESS TO NORTHWELL'S FACILITIES AND PRACTITIONER GROUP

16.     Northwell re-alleges the allegations set forth in paragraphs 1 through 15, as if fully set forth at length herein.

17.     In 2004, Northwell and Empire executed an Amendment to the Participating Hospital Agreements, which, among other things, states that the rates set forth in the Participating Hospital Agreements, as amended, "are for Empire to be able to reimburse [Northwell] for services provided under this Agreement [and] Empire agrees not to offer these rates to any new PPO, HMO, network leasing company or other repricer of health services."

18.     On November 9, 2007, Northwell and Empire executed an Amendment to the Participating Hospital Agreements, effective as of January 1, 2008 ("2008 Amendment"), which, among other things, extended the term of the Participating Hospital Agreements through December 31, 2010, increased the payment rates for health care services provided under the Participating Hospital Agreements, and otherwise added to, or modified terms in, those agreements.

19.     In addition, the 2008 Amendment states: "Payer is not permitted to lease this Agreement and its payment and financial terms to any third party not a wholly owned or corporately controlled by Empire, Wellpoint, or Anthem." The provision in the 2008 Amendment prohibiting the leasing of the payment and financial terms of the Participating Hospital Agreements to third parties has not been subsequently amended and has at all times since January 1, 2008 remained in effect.

8

FILED: NASSAU COUNTY CLERK 11/30/2020 04:42 PM
NYSCEF DOC. NO. 1

INDEX NO. 613820/2020
RECEIVED NYSCEF: 11/30/2020

20.     Beginning sometime in 2018, Northwell was not receiving payments for healthcare services it provided to patients whom Northwell believed were insured under a plan issued or administered by Empire. Later, Northwell learned that the patients in question were in fact insured under a self-insured medical plan issued and administered by UWF, to which members of eighteen local unions of USWU were allowed to enroll for a fee, and that pursuant to an arrangement between Empire and UWF approximately 30,000 members of those local unions located throughout the United States purportedly were granted access to the "Anthem Blue Cross Blue Shield (Anthem BCBS) Network" which Network includes Northwell's facilities and Practitioner Group.

21.     Northwell has since learned that Empire did not issue, and does not administer the self-funded UWF medical plan, through which the members of the eighteen local unions of USWU have acquired access to the "Anthem Blue Cross Blue Shield (Anthem BCBS) Network." Nor did Anthem, or any of its affiliates issue or administer the UWF plan.

22.     The UWF medical plan is self-funded through the fees or dues paid by the members of the eighteen local unions to USWU and the UWF plan is administered by The Board of Trustees for the United Welfare Fund. In addition, a third-party entity named Leading Edge Administrators ("LEA"), which is a private healthcare claims administrator, assists UWF in claims administration. Empire has no role in the claim determination process, other than receiving claims from providers in New York, and presumably immediately transmitting those claims to LEA for consideration by the Plan Administrator.

9

FILED: NASSAU COUNTY CLERK 11/30/2020 04:42 PM

NYSCEF DOC. NO. 1

INDEX NO. 613820/2020

RECEIVED NYSCEF: 11/30/2020

23.     Nevertheless, Empire contends that the members of the eighteen local unions of USWU insured under the self-funded UWF plan have a right to in-network access to Northwell's facilities and its Practitioners Group.

24.     Northwell, as required under the Participating Hospital Agreements and the Participating Practitioner Agreement, timely submitted to Empire claim forms with respect to the health care it provided to each of the patients at issue.  By mid-2019, Northwell was owed in excess of $5 million for health care Northwell had provided to patients who presented an Empire insurance card, but who were actually members of one of eighteen local unions who paid the UWF a fee for access to the Anthem Blue Cross Blue Shield Network.  Thereafter, the outstanding amount due to Northwell has increased and now totals more than $9,500,000.

25.     Each of those Northwell health care claims have now been outstanding for more than ninety (90) days, and some of those claims are now more than a year old.  On most of these claims, Northwell has not received any payment, or has not received the full payment it is entitled to for its services.  On many occasions, Northwell does not receive any response to its claim.  On many other occasions, Northwell is given a manufactured excuse for non-payment which is untimely, demonstrably contradicted by the claim and supporting documentation regarding the care provided by Northwell, and/or designed to artificially and indefinitely delay the claim determination pending receipt of some undisclosed information or some future resolution of the share of responsibility among multiple insurers that UWF frustrates from ever happening.

26.     After discovering its claims had been ignored and not paid for over a year, Northwell demanded on several occasions in 2019 and 2020 that Empire exclude UWF and its

10

FILED: NASSAU COUNTY CLERK 11/30/2020 04:42 PM

NYSCEF DOC. NO. 1

INDEX NO. 613820/2020

RECEIVED NYSCEF: 11/30/2020

members from in-network access at Northwell's facilities or its Practitioner Group. Empire has failed to exclude UWF or its members from in-network access at Northwell's facilities or its Practitioner Group.

27.    Empire's failure to exclude UWF is in violation of the Participating Hospital Agreements and the Participating Practitioner Agreement, because none of those agreements contain any provision that authorizes Empire to grant members of local unions of a national, multi-company union trust fund access to Northwell's facilities or its Practitioner Group at the rates and subject to the terms of those agreements, particularly when Empire is not issuing the insurance and/or does not administer that fund or the claims submitted for care provided to the members of the eighteen local unions which had purchased access to the fund's benefits.

28.    Empire's failure to exclude UWF also is in violation of the provisions in the Participating Hospital Agreements and the Participating Practitioner Agreement which prohibit Empire from leasing the payment and financial terms of those agreements to third parties. The arrangement between Empire and UWF is not authorized, and is prohibited by that provision, because UWF is a multi-employer and multi-local union plan which is not issued, insured or administered by Empire, and is marketed by USWU to the existing, and potential future, members of eighteen local unions, and the potential future members of potential future local unions, who make, or will be required to make, payments to UWF in exchange for access to the reduced rates set forth for in the agreements between Northwell and Empire.

29.    Therefore, Empire's failure to exclude UWF and its members from in-network access to Northwell's facilities or Practitioner Group constitutes separate breaches of those agreements.

11

FILED: NASSAU COUNTY CLERK 11/30/2020 04:42 PM
NYSCEF DOC. NO. 1

INDEX NO. 613820/2020
RECEIVED NYSCEF: 11/30/2020

30.    As a result of Empire's aforementioned breaches of the Participating Hospital Agreements and the Participating Practitioner Agreement, Northwell has been injured by the unauthorized access to its facilities and practitioners granted by Empire to UWF members, as well as by the medical plan's failure to negotiate applicable in-network rates with Northwell and its failure to adhere to the payment and financial terms required under Empire's agreements with Northwell.

31.    For the foregoing reasons, with respect to Empire's unauthorized entry into an arrangement with UWF that gives UWF members access to in-network care from Northwell's facilities and Practitioner Group, Northwell seeks a judgment:

(1) declaring that (a) Empire did not have the right under the Participating Hospital Agreements or the Participating Practitioner Agreement to enter into the arrangement with UWF which gave members of eighteen local unions of QWSU in-network access to Northwell's facilities and Practitioner Group and (b) Empire breached those agreements by entering into such arrangement with UWF;

(2) declaring that Northwell did have the right under the Participating Hospital Agreements and the Participating Practitioner Agreement to exclude the members of the self-insured UWF health plan fund which was not administered by Empire from in-network access to Northwell's facilities and Practitioner Group, because those agreements did not authorize Empire's arrangement giving members of eighteen local unions of QWSU access to Northwell's facilities and Practitioner Group;

(3) declaring and directing Empire (i) inform UWF and all its members that UWF has been excluded from in-network access to Northwell's facilities and Practitioner Group, and (ii) take reasonable steps to issue new insurance cards to UWF insureds which look sufficiently different than the insurance cards issued to members of other plans issued or administered by Empire such that the cards will reveal to Northwell personnel that the cardholder is not insured by Empire and is insured by UWF; and

(4) declaring and directing that (a) Northwell has the right under the Participating Hospital Agreements and the Participating Practitioner Agreement to exclude

12

FILED: NASSAU COUNTY CLERK 11/30/2020 04:42 PM

NYSCEF DOC. NO. 1

INDEX NO. 613820/2020

RECEIVED NYSCEF: 11/30/2020

the members of a self-insured union fund which is not administered by Empire from in-network access to Northwell's facilities and Practitioner Group, because those agreements do not authorize Empire to enter any such arrangement, and (b) Empire shall provide to Northwell a list identifying each self-insured plan which is not administered by Empire but nevertheless has entered into an arrangement with Empire giving that plan's members in-network access to Northwell's facilities and Practitioner Group.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST EMPIRE FOR A DECLARATORY JUDGMENT WITH RESPECT TO EMPIRE'S FAILURE TO EXCLUDE UWF FROM IN-NETWORK ACCESS TO NORTHWELL'S FACILITIES AND PRACTITIONER GROUP

32.     Northwell re-alleges the allegations set forth in paragraphs 1 through 30, as if fully set forth at length herein.

33.     In addition to prohibiting the arrangement Empire has reached with UWF to grant UWF's multi-employer local union members access to Northwell's facilities and Practitioner Group, the Participating Hospital Agreements and the Participating Practitioner Agreement also require Empire exclude UWF and its members from in-network access to Northwell's facilities and Practitioner Group because Northwell repeatedly has advised Empire that UWF continues to withhold payment of the outstanding amount due to Northwell for the pertinent health care services.

34.     Empire had asserted that (1) it could not exclude UWF because UWF had fully funded its claims account, and (2) Northwell can bill the patients.

35.     The only provisions in the Participating Hospital Agreements and the Participating Practitioner Agreement which address a fully funded claims account or Northwell's option to bill or sue patients are subsumed in the provisions relating to the required prompt payment of claims by a self-funded single employer plan administered by Empire, and the

13

FILED: NASSAU COUNTY CLERK 11/30/2020 04:42 PM          INDEX NO. 613820/2020
NYSCEF DOC. NO. 1                                              RECEIVED NYSCEF: 11/30/2020

remedies available to Northwell in the event such a self-funded plan fails to make timely

payments from the plan's fully funded claim account. However, those provisions do not limit

Northwell's remedies to billing or suing the patient; those same provision authorize Northwell to

exclude the self-funded payer from the Participating Hospital Agreements and the Participating

Practitioner Agreement with Empire. Nevertheless, despite knowing that UWF is continuing to

fail to use its purportedly "fully funded" claims account to pay Northwell claims, Empire has

failed to exclude UWF under those Northwell-Empire agreements, and asserted Northwell still

has no right to do so.

36.     Empire's failure to exclude UWF and its members from in-network access to

Northwell's facilities or Practitioner Group when Northwell has informed Empire that UWF has

not been using its "fully funded" claims account to pay Northwell's claims constitutes separate

breaches by Empire of the Participating Hospital Agreements and the Participating Practitioner

Agreement. As a result of those breaches by Empire of the Participating Hospital Agreements

and the Participating Practitioner Agreement, Northwell has been injured by being deprived of its

contractual rights to exclude UWF from those agreements.

37.     Empire has since indicated that UWF has not fully funded its account as required

by Participating Hospital Agreements and (upon information and belief) the applicable contract

between defendants. According to the Participating Hospital Agreements, "in the event that the

applicable Payor has not cured its breach by funding its claims payment account within sixty

(60) days from notice of this delinquency from Empire to the Payor then, except to the extent the

applicable Payor is in bankruptcy, Provider shall have the right to exclude the applicable

14

FILED: NASSAU COUNTY CLERK 11/30/2020 04:42 PM    INDEX NO. 613820/2020
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 11/30/2020

Payor(s) from this Agreement." Upon information and belief, Empire provided notice of UWF's failure to fund its account sixty (60) days or more from the date of this complaint.

38.    In addition, Empire's excuse that Northwell can bill the patients is an abandonment of its responsibilities under the Participating Hospital Agreements and the Participating Practitioner Agreement and a denigration of the insurance based purpose of those agreements. Without waiving any of its rights to bill or sue its patients, Northwell always chooses first to hold insurers responsible for the insurance they purport to provide to Northwell's patients. The cynical suggestion by Empire that Northwell abandon that principle and let the insurer off the hook not only runs counter to the concept of health insurance, but also ignores that Empire is fully aware that given the amount owed for Northwell's care many of the patients would be unable to pay the bill. Empire seeks to protect its client, UWF, and the continuation of the cash flow it receives from that client at the expense of Northwell and the patients Empire and UWF assert are insured by UWF.

39.    For the foregoing reasons, with respect to Empire's failure to exclude UWF and its members from accessing in-network care from Northwell's facilities and Practitioner Group when UWF is not using its purportedly "fully funded" claims account to pay the Northwell claims, Northwell seeks a judgment:

> (1) Declaring that (a) Empire is required under the Participating Hospital Agreements and the Participating Practitioner Agreement to exclude UWF and its insured members from accessing in-network care at Northwell's facilities and Practitioner Group because UWF has failed to fully fund its account and has failed to remedy this delinquency and (b) Empire breached those agreements by failing to exclude UWF and its insured members from accessing in-network care at Northwell's facilities and Practitioner Group;

15

FILED: NASSAU COUNTY CLERK 11/30/2020 04:42 PM
NYSCEF DOC. NO. 1

INDEX NO. 613820/2020
RECEIVED NYSCEF: 11/30/2020

(2) declaring that (a) Empire is required under the Participating Hospital Agreements and the Participating Practitioner Agreement to exclude UWF and its insured members from accessing in-network care at Northwell's facilities and Practitioner Group because those agreements authorize Northwell to exclude a self-insured plan, such as UWF, which has failed to timely and fully pay amounts due to Northwell for healthcare services provided to the members of the self-insured plan and (b) Empire breached those agreements by failing to exclude UWF and its insured members from accessing in-network care at Northwell's facilities and Practitioner Group;

(3) declaring that Northwell does have the right under the Participating Hospital Agreements and the Participating Practitioner Agreement to exclude the members of the self-insured UWF health plan fund from in-network access to Northwell's facilities and Practitioner Group, because those agreements authorize Northwell to exclude a self-insured plan which had not paid amounts due to Northwell for healthcare services provided to the members insured by the self-insured plan, and UWF has failed to pay the claims of Northwell; and

(4) declaring and directing Empire (i) inform UWF and all its members that UWF has been excluded from in-network access to Northwell's facilities and Practitioner Group, and (ii) take reasonable steps to issue new insurance cards to UWF insureds which look sufficiently different than the insurance cards issued to members of other plans issued or administered by Empire such that the cards will reveal to Northwell personnel that the cardholder is not insured by Empire and is insured by UWF.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST EMPIRE FOR BREACH OF THE PARTICIPATING HOSPITAL AGREEMENT AND THE PARTICIPATING PRACTITIONER AGREEMENT

40.     Northwell re-alleges the allegations set forth in paragraphs 1 through 30 and 32 through 38, as if fully set forth at length herein.

41.     As a result of Empire's aforementioned breaches of the Participating Hospital Agreements and the Participating Practitioner Agreement arising from Empire's unauthorized arrangement allowing UWF's members in-network access to Northwell's facilities and

16

FILED: NASSAU COUNTY CLERK 11/30/2020 04:42 PM
INDEX NO. 613820/2020
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 11/30/2020

Practitioner Group (see first cause of action), Northwell has sustained injury, including consequential damages.

42.     As a result of Empire's aforementioned breaches of the Participating Hospital Agreements and the Participating Practitioner Agreement arising from its failure to exclude UWF and its members from in-network access to Northwell's facilities or Practitioner Group when UWF is not paying Northwell for healthcare provided to such members (see second cause of action), Northwell has sustained injury, including consequential damages.

43.     Among other things, as a result of Empire's breaches of the Participating Hospital Agreements and the Participating Practitioner Agreement, Northwell has provided healthcare services to patients for which their insurer has failed to pay Northwell.

44.     The amount of damages sustained by Northwell as a result of Empire's breaches of the Participating Hospital Agreements and the Participating Practitioner Agreement is to be determined at trial but is not less than $9,5000,000, together with interest at the applicable statutory rate.

### AS AND FOR A FOURTH CAUSE OF ACTION
### AGAINST UWF FOR BREACH OF CONTRACT

45.     Northwell re-alleges the allegations set forth in paragraphs 1 through 30, 32 through 38, and 40 through 44, as if fully set forth at length herein.

46.     UWF markets its health care plan to members of the eighteen local unions of USWU. In doing so, UWF asserts that a member of its plan has access to the "Anthem Blue Cross Blue Shield (Anthem BCBS) Network." UWF provides its members with insurance cards

17.

FILED: NASSAU COUNTY CLERK 11/30/2020 04:42 PM
NYSCEF DOC. NO. 1

INDEX NO. 613820/2020
RECEIVED NYSCEF: 11/30/2020

which indicate to providers that the holder of the card has in-network access to the "Anthem Blue Cross Blue Shield (Anthem BCBS) Network."

47.     Northwell's facilities and Practitioner Group are part of the "Anthem Blue Cross Blue Shield (Anthem BCBS) Network," to the extent provided in, and subject to the terms of the Participating Hospital Agreements and the Participating Practitioner Agreement between Northwell and Empire.

48.     The Participating Hospital Agreements and the Participating Practitioner Agreement expressly state that any payer of services provided by Northwell or its Practitioner Group, including any self-insured payer such as UWF, is bound by the terms of those agreements.

49.     Upon information and belief, UWF has contracted with Empire such that it is part of the "Anthem Blue Cross Blue Shield (Anthem BCBS) Network" and subject to the Participating Hospital Agreements and the Participating Practitioner Agreement, particularly with respect to paying Northwell for services rendered to UWF's insureds or members.

50.     Northwell has provided healthcare services to patients who presented insurance cards purporting to show that they were entitled to in-network access to Northwell's facilities and Practitioner Group.

51.     UWF has failed to pay the amounts due to Northwell for healthcare services provided to patients who presented insurance cards purporting to show that such patients were entitled to in-network access to Northwell's facilities and Practitioner Group. The total of unpaid claims exceeds $9,500,000.

18

FILED: NASSAU COUNTY CLERK 11/30/2020 04:42 PM

NYSCEF DOC. NO. 1

INDEX NO. 613820/2020

RECEIVED NYSCEF: 11/30/2020

52.    The amount of the unpaid claims due to Northwell is attributable to UWF's breaches of the in-network payment and claim determination provisions set forth in the Participating Hospital Agreements and the Participating Practitioner Agreement, which breaches are more particularly described above.

53.    UWF's failure to pay healthcare claims owed to Northwell breaches the Participating Hospital Agreements and/or the Participating Practitioner Agreement.

54.    As a direct and proximate result of UWF's breaches of the in-network payment, claims processing, and/or terms of the Participating Hospital Agreements and the Participating Practitioner Agreement, Northwell has been injured and sustained damages in an amount to be determined at trial but which is more than $9,500,000, together with interest at the applicable statutory rate, including but not limited to the statutory rate set forth in the New York State Prompt Pay Law.

### AS AND FOR A FIFTH CAUSE OF ACTION
### AGAINST UWF FOR VIOLATIONS OF INSURANE LAW, SECTION 3224-a

55.    Northwell re-alleges the allegations set forth in paragraphs 1 through 30, 32 through 38, and 40 through 54, as if fully set forth at length herein.

56.    Pursuant to subsection (a) of Section 3224-a of the New York State Insurance Law (the "Prompt Pay Law"), UWF "shall . . . make payment to [Northwell] within thirty days of receipt of a claim or bill for services rendered that is transmitted via the internet or electronic mail, or forty-five days of receipt of a claim or bill for services rendered that is submitted by other means, such as paper or facsimile."

19

FILED: NASSAU COUNTY CLERK 11/30/2020 04:42 PM

NYSCEF DOC. NO. 1

INDEX NO. 613820/2020

RECEIVED NYSCEF: 11/30/2020

57.     Pursuant to subsection (b) of Section 3224-a of the Prompt Pay Law, UWF also is required to make determinations of, and pay appealed claims within the same time period set forth in subsection (a) of Section 3224-a of the Prompt Pay Law.  Specifically, subsection (b) of Section 3224-a states that "upon receipt of . . . an appeal of a claim or bill for health care services denied pursuant to paragraph one of this subsection, an insurer . . . shall comply with subsection (a) of this section."

58.     UWF repeatedly has violated both of these requirements in the Prompt Pay Law when processing claims and appeals submitted by Northwell for health care services Northwell provided to patients insured by UWF.

59.     For each violation of the Prompt Pay Law, Empire is liable to Northwell for the amount of the bill that was not paid, together with interest at an annual rate of twelve (12%) computed from the date the payment was required to be made.

60.     As a direct and proximate cause of Empire's violations of the Prompt Pay Law, Northwell has been damaged in an amount to be determined at trial, but which is in excess of $9,500,000.

## AS AND FOR A SIXTH CAUSE OF ACTION
## AGAINST UWF FOR UNJUST ENRICHMENT

61.     Northwell re-alleges the allegations set forth in paragraphs 1 through 5 and 25, as if fully set forth at length herein.

62.     In the event UWF asserts that it is not bound by the payment and claim determination terms of the Participating Hospital Agreements and the Participating Practitioner

20

FILED: NASSAU COUNTY CLERK 11/30/2020 04:42 PM

NYSCEF DOC. NO. 1

INDEX NO. 613820/2020

RECEIVED NYSCEF: 11/30/2020

Agreement, or fails to admit otherwise, then UWF is liable for the unjust enrichment with respect to the care provided by Northwell and its Practitioner Group to UWF's insured members.

63.    Northwell has provided in good faith medical services to patients insured under UWF's health plan. At the time, the relevant patients provided insurance cards purportedly issued by Empire.

64.    UWF had knowledge that Northwell has been treating patients insured under UWF''s health care plan and Northwell thereby has conferred benefits upon UWF in an amount to be determined at trial.

65.    UWF has accepted the benefits conferred upon it by Northwell.

66.    Northwell has made demand upon UWF for payment of the medical services Northwell provided for the benefit of UWF with the expectation that the fair value for its services would be paid.

67.    By virtue of selling its members access to in-network care provided by Northwell's facilities and Practitioner Group, at in-network rates, UWF is unjustly enriched to the extent it does not pay Northwell for healthcare services provided to UWF's members.

68.    The amount due, but unpaid, to Northwell for the healthcare services provided to UWF members exceeds $9,500,000, together with interest at the applicable statutory rate.

69.    As a consequence thereof, UWF has been unjustly enriched, and Northwell has been damaged, by UWF's retention of the benefits conferred upon it by Northwell, the fair value of which is to be determined at trial.

21

FILED: NASSAU COUNTY CLERK 11/30/2020 04:42 PM          INDEX NO. 613820/2020

NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 11/30/2020

## AS AND FOR AS AND FOR A SEVENTH CAUSE OF
## ACTION AGAINST UWF FOR QUANTUM MERUIT

70.     Northwell re-alleges the allegations set forth in paragraphs 1 through 5, 25, and

61 through 69, as if fully set forth at length herein.

71.     In the event UWF asserts that it is not bound by the payment and claim

determination terms of the Participating Hospital Agreements and the Participating Practitioner

Agreement, or fails to admit otherwise, then UWF is liable in *quantum meruit* for the reasonable

value of the care provided by Northwell and its Practitioner Group to UWF's insured members.

72.     Northwell has provided medical services in good faith to patients insured under

UWF health plans.

73.     UWF had knowledge that Northwell was and is treating patients insured under

UWF's health care plan and that Northwell thereby has conferred benefits upon UWF.

74.     UWF has accepted the benefits conferred by Northwell.

75.     Northwell is entitled to receive compensation for its work and labor in accordance

with New York law.

76.     Northwell has made demand upon UWF for payment of the medical services that

Northwell provided for the benefit of UWF with the expectation that the fair value for its

services would be paid.

77.     UWF has wrongfully withheld compensation for the work and labor performed by

Northwell despite the proper submission of claims by Northwell.

22

FILED: NASSAU COUNTY CLERK 11/30/2020 04:42 PM                INDEX NO. 613820/2020
NYSCEF DOC. NO. 1                                             RECEIVED NYSCEF: 11/30/2020

78.     The circumstances are such that it is inequitable for UWF to retain the benefits without paying the fair rate for such services, and as a result Northwell has been damaged in an amount to be determined at trial, together with interest at the applicable statutory rate.

**AS AND FOR AN EIGHTH CAUSE OF ACTION
AGAINST UWF FOR A JUDGMENT DECLARING THAT UWF
AND ITS MEMBERS ARE EXCLUDED FROM IN-NETWORK ACCESS TO
NORTHWELL'S FACILITIES AND PRACTITIONER GROUP**

79.     Northwell re-alleges the allegations set forth in paragraphs 1 through 78, as if fully set forth at length herein.

80.     The damages attributable to UWF's breaches of the Participating Hospital Agreements and the Participating Practitioner Agreement, or alternatively UWF's liability for its unjust enrichment and in *quantum meruit* for its continuing failure to pay Northwell for the services it provides to UWF insured members, will continue to grow as long as UWF and its members are allowed to present themselves to Northwell's facilities and Practitioner Group as having in-network access to the "Anthem Blue Cross Blue Shield (Anthem BCBS) Network."

81.     Northwell, therefore, requires more relief than can be afforded in the form of damages for the existing unpaid Northwell claims. In addition, Northwell requires relief that prevents such damages from continuing to accrue in the future, including relief declaring that Northwell may exclude UWF and its members from in-network access to Northwell's facilities and Practitioner Group.

82.     As a result of UWF's willful failure to abide by its obligations to timely and fully pay Northwell the amount due on claims for health care provided to UWF insured members and UWF's failure to fund its account, the court should enter a judgment against UWF:

23

FILED: NASSAU COUNTY CLERK 11/30/2020 04:42 PM      INDEX NO. 613820/2020
NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 11/30/2020

(1) declaring that the members of the self-insured UWF health plan are excluded from in-network access to Northwell's facilities and Practitioner Group as a result of UWF's continuous failure to abide by its contractual or, alternatively, its quasi-contractual obligations, to fully fund its account, and/or to timely determine and timely and fully pay the in-network claims of Northwell for the healthcare services it has provided to UWF insured members; and

(2) declaring and directing UWF (i) inform all its members that they and UWF are excluded from in-network access to Northwell's facilities and Practitioner Group, and (ii) take reasonable steps to obtain new insurance cards for every UWF insured, which insurance card shall have a sufficiently different appearance than the insurance cards issued to members of other plans issued or administered by Empire such that the new cards will reveal to Northwell personnel that the cardholder is not insured by Empire and rather is a member of the self-funded UWF healthcare plan.

WHEREFORE, Northwell respectfully requests entry of judgment against defendants as follows:

a) with respect to the first cause, a judgment against Empire:

(1) declaring that (a) Empire did not have the right under the Participating Hospital Agreements or the Participating Practitioner Agreement to enter into the arrangement with UWF which gave members of eighteen local unions of QWSU in-network access to Northwell's facilities and Practitioner Group and (b) Empire breached those agreements by entering into such arrangement with UWF;

(2) declaring that Northwell did have the right under the Participating Hospital Agreements and the Participating Practitioner Agreement to exclude the members of the self-insured UWF health plan fund which was not administered by Empire from in-network access to Northwell's facilities and Practitioner Group, because those agreements did not authorize Empire's arrangement giving members of eighteen local unions of QWSU access to Northwell's facilities and Practitioner Group;

(3) declaring and directing Empire (i) inform UWF and all its members that UWF has been excluded from in-network access to Northwell's facilities and Practitioner Group, and (ii) take reasonable steps to issue new insurance cards to UWF insureds which look sufficiently different than the insurance cards

24

FILED: NASSAU COUNTY CLERK 11/30/2020 04:42 PM   INDEX NO. 613820/2020
NYSCEF DOC. NO. 1                                                      RECEIVED NYSCEF: 11/30/2020

issued to members of other plans issued or administered by Empire such that the cards will reveal to Northwell personnel that the cardholder is not insured by Empire and is insured by UWF; and

(4) declaring and directing that (a) Northwell has the right under the Participating Hospital Agreements and the Participating Practitioner Agreement to exclude the members of a self-insured union fund which is not administered by Empire from in-network access to Northwell's facilities and Practitioner Group, because those agreements do not authorize Empire to enter any such arrangement, and (b) Empire shall provide to Northwell a list identifying each self-insured plan which is not administered by Empire but nevertheless has entered into an arrangement with Empire giving that plan's members in-network access to Northwell's facilities and Practitioner Group;

b) with respect to the second cause of action, a judgment against Empire:

(1) Declaring that (a) Empire is required under the Participating Hospital Agreements and the Participating Practitioner Agreement to exclude UWF and its insured members from accessing in-network care at Northwell's facilities and Practitioner Group because UWF has failed to fully fund its account and has failed to remedy this delinquency and (b) Empire breached those agreements by failing to exclude UWF and its insured members from accessing in-network care at Northwell's facilities and Practitioner Group;

(2) declaring that (a) Empire is required under the Participating Hospital Agreements and the Participating Practitioner Agreement to exclude UWF and its insured members from accessing in-network care at Northwell's facilities and Practitioner Group because those agreements authorize Northwell to exclude a self-insured plan, such as UWF, which has failed to timely and fully pay amounts due to Northwell for healthcare services provided to the members of the self-insured plan and (b) Empire breached those agreements by failing to exclude UWF and its insured members from accessing in-network care at Northwell's facilities and Practitioner Group;

(3) declaring that Northwell does have the right under the Participating Hospital Agreements and the Participating Practitioner Agreement to exclude the members of the self-insured UWF health plan fund from in-network access to Northwell's facilities and Practitioner Group, because those agreements authorize Northwell to exclude a self-insured plan which had not paid amounts due to Northwell for healthcare services provided to the members insured by the self-insured plan, and UWF has failed to pay the claims of Northwell; and

25

FILED: NASSAU COUNTY CLERK 11/30/2020 04:42 PM
NYSCEF DOC. NO. 1

INDEX NO. 613820/2020
RECEIVED NYSCEF: 11/30/2020

(4) declaring and directing Empire (i) inform UWF and all its members that UWF has been excluded from in-network access to Northwell's facilities and Practitioner Group, and (ii) take reasonable steps to issue new insurance cards to UWF insureds which look sufficiently different than the insurance cards issued to members of other plans issued or administered by Empire such that the cards will reveal to Northwell personnel that the cardholder is not insured by Empire and is insured by UWF;

c) with respect to the third cause of action, a judgment against Empire in an amount to be determined at trial, which is not less than $9,500,000, together with interest at the applicable statutory rate;

d) with respect to the fourth cause of action, a judgment against UWF in an amount to be determined at trial, which is not less than $9,500,000, together with interest at the applicable statutory rate;

e) with respect to the fifth cause of action, a judgment against UWF in an amount to be determined at trial, which is not less than $9,500,000, together with interest at the statutory rate provided in the Prompt Pay Law;

f) with respect to the sixth cause of action, a judgment against UWF in an amount to be determined at trial, which is not less than $9,500,000, together with interest at the applicable statutory rate;

g) with respect to the seventh cause of action, a judgment against UWF in an amount to be determined at trial, which is not less than $9,500,000, together with interest at the applicable statutory rate;

h) with respect to the eighth cause of action, a judgment against UWF:

(1) declaring that the members of the self-insured UWF health plan are excluded from in-network access to Northwell's facilities and Practitioner Group as a result of UWF's continuous failure to abide by its contractual or, alternatively, its quasi-contractual obligations, to timely determine and timely and fully pay the in-network claims of Northwell for the healthcare services it has provided to UWF insured members; and

(2) declaring and directing UWF (i) inform all its members that they and UWF are excluded from in-network access to Northwell's facilities and Practitioner Group, and (ii) take reasonable steps to obtain new insurance cards for every UWF insured, which insurance card shall have a sufficiently different appearance than the insurance cards issued to members of other plans issued or administered by Empire such that the new cards will reveal to Northwell personnel that the cardholder is not insured by Empire and rather is a member of the self-funded UWF healthcare plan; and

26

FILED: NASSAU COUNTY CLERK 11/30/2020 04:42 PM
NYSCEF DOC. NO. 1

INDEX NO. 613820/2020
RECEIVED NYSCEF: 11/30/2020

  i)  with respect to all causes of action, awarding Northwell its costs and attorneys'
     fees.

DATED: New York, New York
     November 30, 2020

           Butler Tibbetts, LLC

      By:  _____
           Thomas B. Noonan, Esq.
           *Attorneys for Northwell*
           Nine East 45th St, 9th FL
           New York, NY 10017
           (212) 629-4119

27

FILED: NASSAU COUNTY CLERK 11/30/2020 04:42 PM

INDEX NO. 613820/2020

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 11/30/2020