**Rothman Rocco LaRuffa, LLP**
3 West Main Street, Suite 200
Elmsford, New York 10523
(914) 478-2801
MATTHEW ROCCO (MR 2496)
mrocco@rothmanrocco.com
*Attorneys for Defendant United Welfare Fund*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

NORTHWELL HEALTH, INC.,

    Plaintiff,

-against-

EMPIRE BLUE CROSS AND BLUE SHIELD,
EMPIRE HEALTHCHOICE ASSURANCE,
INC., EMPIRE HEALTHCHOICE HMO, INC.,
AND UNITED WELFARE FUND,

    Defendants.

Civil Action No.: 21-cv-00020

---

**ANSWER TO COMPLAINT**

Defendant United Welfare Fund ("Fund" or "Answering Defendant"), with an address of 138-50 Queens Boulevard, Briarwood, New York, by and through its attorneys ROTHMAN ROCCO LARUFFA, LLP, answers the Complaint as follows:

1.    The Fund denies knowledge sufficient to form a belief as to the allegations contained in paragraph 1 of the complaint, and on that basis, denies them.

2.    The allegations contained in in paragraph 2 of the complaint are not apparently directed against this Answering Defendant, and, therefore, no response is made to these allegations other than to deny any allegation that may be deemed directed against this Answering Defendant.

3.    The allegations contained in in paragraph 3 of the complaint are not apparently

directed against this Answering Defendant, and, therefore, no response is made to these allegations other than to deny any allegation that may be deemed directed against this Answering Defendant.

4.    The allegations contained in in paragraph 4 of the complaint are not apparently directed against this Answering Defendant, and, therefore, no response is made to these allegations other than to deny any allegation that may be deemed directed against this Answering Defendant.

5.    The Fund denies the allegations contained in the first sentence of paragraph 5 of the complaint. The Fund denies the allegations contained in the second sentence of paragraph 5 of the complaint. The Fund admits the allegations contained in the third sentence of paragraph 5 of the complaint.

6.    The allegations in paragraph 6 of the complaint appear to refer to a document, the contents of which speaks for itself; accordingly, the Fund neither admits or denies the allegations in these paragraphs, but leaves the plaintiff to her proofs.

7.    Paragraph 7 of the complaint appears to state a legal conclusion to which no response is necessary. To the extent a response is necessary, the Fund neither admits nor denies the allegations, but leaves plaintiff to its proofs.

8.    The Fund denies knowledge sufficient to form a belief as to the allegations contained in the first sentence of paragraph 8 of the complaint, and on that basis, denies them. The allegations in the second sentence of paragraph 8 of the complaint appear to refer to a document, the contents of which speaks for itself; accordingly, the Fund neither admits or denies the allegations in these paragraphs, but leaves the plaintiff to her proofs.

9.    The Fund denies the allegations contained in paragraph 9 of the complaint.

10.    The Fund denies knowledge sufficient to form a belief as to the allegations

contained in paragraph 10 of the complaint, and on that basis, denies them.

11.    The Fund denies knowledge sufficient to form a belief as to the allegations contained in paragraph 11 of the complaint, and on that basis, denies them.

12.    The Fund denies knowledge sufficient to form a belief as to the allegations contained in paragraph 12 of the complaint, and on that basis, denies them.

13.    The Fund denies knowledge sufficient to form a belief as to the allegations contained in paragraph 13 of the complaint, and on that basis, denies them.

14.    The Fund denies knowledge sufficient to form a belief as to the allegations contained in paragraph 14 of the complaint, and on that basis, denies them.

15.    The Fund denies knowledge sufficient to form a belief as to the allegations contained in paragraph 15 of the complaint, and on that basis, denies them.

16.    The Fund incorporates by reference all of the answers of prior paragraphs as if set forth in full herein.

17.    The Fund denies knowledge sufficient to form a belief as to the allegations contained in paragraph 17 of the complaint, and on that basis, denies them.

18.    The Fund denies knowledge sufficient to form a belief as to the allegations contained in paragraph 18 of the complaint, and on that basis, denies them.

19.    The Fund denies knowledge sufficient to form a belief as to the allegations contained in paragraph 19 of the complaint, and on that basis, denies them.

20.    The Fund denies knowledge sufficient to form a belief as to the allegations contained in the first sentence of paragraph 20 of the complaint, and on that basis, denies them. The Fund denies the allegations contained in the second sentence of paragraph 20 of the complaint.

21.     The Fund denies knowledge sufficient to form a belief as to the allegations contained in paragraph 21 of the complaint, and on that basis, denies them.

22.     The Fund denies the allegations contained in the first sentence of paragraph 22 of the complaint. The Fund admits the allegations in the second sentence of paragraph 22 of the complaint. The Fund denies knowledge sufficient to form a belief as to the allegations contained in the third sentence of paragraph 22 of the complaint, and on that basis, denies them.

23.     The Fund denies knowledge sufficient to form a belief as to the allegations contained in paragraph 23 of the complaint, and on that basis, denies them.

24.     The Fund denies knowledge sufficient to form a belief as to the allegations contained in the first sentence of paragraph 24 of the complaint, and on that basis, denies them. The Fund denies knowledge sufficient to form a belief as to the allegations contained in the second sentence of paragraph 24 of the complaint, and on that basis, denies them. The Fund denies the allegations contained in the third sentence of paragraph 24 of the complaint.

25.     The Fund denies knowledge sufficient to form a belief as to the allegations contained in paragraph 25 of the complaint, and on that basis, denies them.

26.     The Fund denies knowledge sufficient to form a belief as to the allegations contained in the first sentence of paragraph 26 of the complaint, and on that basis, denies them. The Fund denies the allegations in the second sentence of paragraph 26 of the complaint.

27.     The Fund denies knowledge sufficient to form a belief as to the allegations contained in paragraph 27 of the complaint, and on that basis, denies them.

28.     The Fund denies knowledge sufficient to form a belief as to the allegations contained in paragraph 28 of the complaint, and on that basis, denies them.

29.    The Fund denies knowledge sufficient to form a belief as to the allegations contained in paragraph 29 of the complaint, and on that basis, denies them.

30.    The Fund denies the allegations in paragraph 30 of the complaint.

31.    The Fund denies the allegations in paragraph 31 of the complaint.

32.    The Fund incorporates by reference all of the answers of prior paragraphs as if set forth in full herein.

33.    The Fund denies knowledge sufficient to form a belief as to the allegations contained in paragraph 33 of the complaint, and on that basis, denies them.

34.    The Fund denies knowledge sufficient to form a belief as to the allegations contained in paragraph 34 of the complaint, and on that basis, denies them.

35.    The Fund denies knowledge sufficient to form a belief as to the allegations contained in paragraph 35 of the complaint, and on that basis, denies them.

36.    The Fund denies knowledge sufficient to form a belief as to the allegations contained in paragraph 36 of the complaint, and on that basis, denies them.

37.    The Fund denies knowledge sufficient to form a belief as to the allegations contained in paragraph 37 of the complaint, and on that basis, denies them. The Fund denies the allegations contained in the last sentence of paragraph 37 of the complaint.

38.    The Fund denies knowledge sufficient to form a belief as to the allegations contained in paragraph 38 of the complaint, and on that basis, denies them.

39.    The Fund denies knowledge sufficient to form a belief as to the allegations contained in paragraph 39 of the complaint, and on that basis, denies them.

40.    The Fund incorporates by reference all of the answers of prior paragraphs as if set

forth in full herein.

41.    The Fund denies knowledge sufficient to from a belief as to the allegations contained in paragraph 41 of the complaint, and on that basis, denies them.

42.    The Fund denies knowledge sufficient to from a belief as to the allegations contained in paragraph 42 of the complaint, and on that basis, denies them.

43.    Paragraph 43 of the complaint appears to state a legal conclusion to which no response is necessary. To the extent the allegations avers the Fund failed to properly pay claims from Plaintiff, the allegation is denied.

44.    The Fund denies the allegations in paragraph 44 of the complaint.

45.    The Fund incorporates by reference all of the answers of prior paragraphs as if set forth in full herein.

46.    The Fund denies the allegations contained in paragraph 46 of the complaint.

47.    The Fund denies knowledge sufficient to form a belief as to the allegations contained in paragraph 47 of the complaint.

48.    The Fund denies knowledge sufficient to form a belief as to the allegations contained in paragraph 48 of the complaint.

49.    As to the allegations in paragraph 49 of the complaint, the Fund admits that it contracted with Empire Blue Cross Blue Shield to be a part of its network, but denies all other allegations in the paragraph.

50.    The Fund denies knowledge sufficient to form a belief as to the allegations contained in paragraph 50 of the complaint, and on that basis, denies them.

51.    The Fund denies the allegations contained in paragraph 51 of the complaint.

52.     The Fund denies the allegations contained in paragraph 52 of the complaint.

53.     The Fund denies knowledge sufficient to form a belief as to the allegations contained in paragraph 53 of the complaint, and on that basis, denies them.

54.     The Fund denies the allegations contained in paragraph 54 of the complaint.

55.     The Fund incorporates by reference all of the answers of prior paragraphs as if set forth in full herein.

56.     The Fund denies the allegations contained in paragraph 56 of the complaint.

57.     The Fund denies the allegations contained in paragraph 57 of the complaint.

58.     The Fund denies the allegations contained in paragraph 58 of the complaint.

59.     The Fund denies the allegations contained in paragraph 59 of the complaint.

60.     The Fund denies the allegations contained in paragraph 60 of the complaint.

61.     The Fund incorporates by reference all of the answers of prior paragraphs as if set forth in full herein.

62.     The Fund denies the allegations contained in paragraph 62 of the complaint.

63.     The Fund denies knowledge sufficient to form a belief as to the allegations contained in paragraph 63 or the complaint, and on that basis, denies them.

64.     The Fund denies the allegations contained in paragraph 64 of the complaint, except that the Fund admits that some of its participants have been treated by Northwell.

65.     The Fund denies the allegations contained in paragraph 65 of the complaint, except that the Fund admits that some of its participants have been treated by Northwell.

66.     The Fund denies the allegations contained in paragraph 66 of the complaint.

67.     The Fund denies the allegations in paragraph 67 of the complaint.

68.    The Fund denies the allegations contained in paragraph 68 of the complaint.

69.    The Fund denies the allegations contained in paragraph 69 of the complaint.

70.    The Fund incorporates by reference all of the answers of prior paragraphs as if set forth in full herein.

71.    The Fund denies the allegations in paragraph 71 of the complaint.

72.    The Fund denies knowledge sufficient to form a belief as to the allegations contained in paragraph 72 or the complaint, and on that basis, denies them.

73.    The Fund denies knowledge sufficient to form a belief as to the allegations contained in paragraph 73 or the complaint, and on that basis, denies them.

74.    The Fund denies the allegations in paragraph 74 of the complaint.

75.    The Fund denies the allegations contained in paragraph 75 of the complaint.

76.    The Fund denies knowledge sufficient to form a belief as to the allegations contained in paragraph 76 or the complaint, and on that basis, denies them.

77.    The Fund denies the allegations contained in paragraph 77 of the complaint.

78.    The Fund denies the allegations contained in paragraph 78 of the complaint.

79.    The Fund incorporates by reference all of the answers of prior paragraphs as if set forth in full herein.

80.    The Fund denies the allegations contained in paragraph 80 of the complaint.

81.    The Fund denies the allegations contained in paragraph 81 of the complaint.

82.    The Fund denies the allegations contained in paragraph 82 of the complaint.

83.    The Fund denies that Northwell is entitled to any of the relief requested in the "Wherefore" paragraphs.

Respectfully Submitted,

*/s/ Matthew P. Rocco*

By:_____

Matthew P. Rocco
ROTHMAN ROCCO LARUFFA, LLP
3 West Main Street, Suite 200
Elmsford, New York 10523
*Attorneys for Defendant United Welfare Fund*

Dated: January 11, 2021

## AFFIRMATIVE DEFENSES

Defendant Fund asserts the following individual defenses based on information that is presently available to it. As such, Defendant Fund reserves the right to amend these defenses as additional information becomes available.

## FIRST AFFIRMATIVE DEFENSE

1.      Plaintiff's Complaint fails to state a claim against the Fund upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2.      Plaintiff's Complaint is barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

3.      Plaintiff's Complaint is barred, in whole or in part, by Plaintiff's failure to exhaust administrative and/or contractual remedies and to perform all conditions precedent.

## FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff's Complaint is barred, in whole or in part, by the doctrines of waiver, estoppels, accord and satisfaction, and/or unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff's Complaint is barred by virtue of the doctrine of Res Judicata, Collateral Estoppel and/or the Entire Controversy Doctrine.

## SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff's Complaint, and the individual causes of action therein, are preempted by the Employee Retirement Income Security act of 1974, as amended, 29 U.S.C. §1001 *et seq*.

## SEVENTH AFFIRMATIVE DEFENSE

7.      The amounts sought by Plaintiff for the alleged services rendered are not covered by the Fund's plan, are in excess of the amount allowed by the Fund's plan, are unreasonable and/or unconscionable, and/or are violative of state or federal law.

## EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiff does not have standing to assert claims against the Fund.

## NINTH AFFIRMATIVE DEFENSE

9.      Plaintiff's Complaint must be dismissed for its failure to join one or more indispensable parties.

## TENTH AFFIRMATIVE DEFENSE

10.      No privity of contract exists between the Fund and Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

11.      Plaintiff is not an intended third-party beneficiary of any contract between the Fund and any other party, including, but not limited to, Empire Blue Cross Blue Shield.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Plaintiff failed to seek appeals and/or failed timely to seek appeals of the claim

denials within the time required by the Summary Plan Description for the Fund.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiff does not have a valid of benefits from the participant or beneficiary and

cannot assert the participant or beneficiary's rights against the Fund.

Respectfully Submitted,

                              */s/ Matthew P. Rocco*
                        By:_____
                              Matthew P. Rocco
                              ROTHMAN ROCCO LARUFFA, LLP
                              3 West Main Street, Suite 200
                              Elmsford, New York 10523
                        *Attorneys for Defendant Fund*

Dated: January 11, 2020