UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NORTHWELL HEALTH, INC.,<br><br>                          Plaintiff,<br><br>      -against-<br><br>EMPIRE BLUE CROSS AND BLUE SHIELD,<br>EMPIRE HEALTHCHOICE ASSURANCE, INC.,<br>EMPIRE HEALTHCHOICE HMO, INC., and<br>UNITED WELFARE FUND,<br><br>                       Defendants. | Docket No.: 2:21-cv-00020 |

## ANSWER

Defendants Empire HealthChoice Assurance, Inc. d/b/a Empire BlueCross BlueShield (erroneously named "Empire Blue Cross and Blue Shield, Empire HealthChoice Assurance, Inc.") and Empire HealthChoice HMO, Inc. (collectively "Empire Defendants"), by and through undersigned counsel, hereby submit their Answer and affirmative defenses to Plaintiff's Complaint. Each numbered response in this Answer is made subject to the following limitations as if set forth fully therein.

*First*, except as expressly and specifically admitted herein, Empire Defendants deny each and every allegation in the Complaint, and further deny that Plaintiff has suffered any damages by reason of any act, omission, or conduct on the part of Empire Defendants. Empire Defendants further deny that Plaintiff is entitled to the relief sought in the Complaint, or to any relief at all, from Empire Defendants.

*Second*, Empire Defendants submit that no response is required to the headings used in the Complaint, and to the extent that a response is required, Empire Defendants deny any factual

allegations in such headings and has repeated the headings used in the Complaint for organizational purposes only.

*Third,* where Empire Defendants state that they lack knowledge or information sufficient to form a belief about the truth of certain allegations, Empire Defendants reserve the right to argue that the allegation is true or false based on the evidence. In response to the number paragraphs of the Complaint, Empire Defendants further state as follows:

1.      Upon information and belief, Empire Defendants admit the allegations in the first and second sentences of paragraph 1. With regard to the third sentence of paragraph 1, Empire Defendants admit that Northwell purports to bring this action on behalf of itself and its affiliated hospitals and health care facilities.

2.      Empire Defendants admit that Empire BlueCross BlueShield is the trade name of Empire HealthChoice Assurance, Inc., and that Empire HealthChoice, Inc. has merged with and survives now only as Empire HealthChoice Assurance, Inc. Empire Defendants deny all remaining allegations in paragraph 2.

3.      Empire Defendants admit as follows: Empire BlueCross BlueShield HMO is the trade name of Empire HealthChoice HMO, Inc.; Empire HealthChoice HMO, Inc. and Empire HealthChoice Assurance, Inc. each are a corporation authorized to do business in New York with a principal place of business located at 14 Wall Street, 14th Floor, New York, New York 10005; Empire HealthChoice HMO, Inc. is certified under Article 44 of the New York Public Health Law and Empire HealthChoice Assurance, Inc. is organized under Article 42 of the New York Insurance Law; and Plaintiff refers in its Complaint to Empire Defendants as "Empire." Empire Defendants deny any remaining allegations in paragraph 3.

4.      Empire Defendants deny the allegations in paragraph 4.

5.      Upon information and belief, Empire Defendants admit the allegations in the third sentence of paragraph 5 and deny the remaining allegations in this paragraph.    Empire Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5, and, on that basis, deny them.

## NATURE OF ACTION

6.      The allegations in paragraph 6 contain Plaintiff's characterization of the case and legal conclusions that require no response.    To the extent this paragraph contains allegations requiring a response, Empire Defendants deny them.    Further, Empire Defendants deny that Plaintiff is entitled to any of the relief sought in paragraph 6.

7.      The allegations in paragraph 7 contain Plaintiff's characterization of the case and legal conclusions that require no response.    To the extent this paragraph contains allegations requiring a response, Empire Defendants deny them.

8.      Paragraph 8 consists of Plaintiff's characterization of "Northwell's agreements with Empire."    Those documents speak for themselves, and on that basis Empire Defendants deny the allegations in this paragraph.    To the extent this paragraph contains additional allegations requiring a response, Empire Defendants deny them.

9.      To the extent paragraph 9 contains allegations regarding "a plan sponsored by UWF," the plan documents speak for themselves, and on that basis Empire Defendants deny those allegations.    Empire Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9, and, on that basis, deny them.

10.      Paragraph 10 consists of Plaintiff's characterization of two "Participating Hospital Agreements (detailed below)" and "a Participating Practitioners Group agreement."    Those documents speak for themselves, and on that basis Empire Defendants deny the allegations in

this paragraph.  To the extent this paragraph contains additional allegations requiring a response, Empire Defendants deny them.

11.    Empire Defendants admit that there is an agreement titled "Empire HealthChoice, Inc. and Empire Blue Cross and Blue Shield Participating Hospital Agreement" effective January 1, 2000 between certain Empire entities and affiliates and certain hospitals and facilities of the North Shore-Long Island Jewish Health System, Inc., which was amended from time to time.  To the extent paragraph 11 consists of Plaintiff's characterization of that agreement, the documents comprising the agreement speak for themselves, and on that basis Empire Defendants deny the allegations in this paragraph.   To the extent this paragraph contains additional allegations requiring a response, Empire Defendants deny them.

12.    Empire Defendants admit that there is an agreement titled "Empire HealthChoice Assurance, Inc. and Empire Blue Cross and Blue Shield Participating Hospital Agreement" effective January 1, 2000 between certain Empire entities and affiliates and certain hospitals and facilities of the North Shore-Long Island Jewish Health System, Inc., which was amended from time to time.  To the extent paragraph 12 consists of Plaintiff's characterization of that agreement, the documents comprising the agreement speak for themselves, and on that basis Empire Defendants deny the allegations in this paragraph.  To the extent this paragraph contains additional allegations requiring a response, Empire Defendants deny them.

13.    Paragraph 13 consists of Plaintiff's characterization of "Participating Hospital Agreements" and amendments thereto.  Those documents speak for themselves, and on that basis Empire Defendants' deny the allegations in paragraph 13.

14.    Empire Defendants admit that there is an agreement titled "Empire Blue Cross Blue Shield Participating Practitioner Group Agreement" effective January 1, 2008 between

4

North Shore-Long Island Jewish Health System, Inc. and certain Empire entities and affiliates, which was amended from time to time. To the extent paragraph 14 consists of Plaintiff's characterization of that agreement, the documents comprising the agreement speak for themselves, and on that basis Empire Defendants deny the allegations in this paragraph. To the extent this paragraph contains additional allegations requiring a response, Empire Defendants deny them.

15. Paragraph 15 consists of Plaintiff's characterization of amendments to "Participating Hospital Agreements" and a "Participating Practitioner Agreement." Those documents speak for themselves, and on that basis Empire Defendants deny the allegations in this paragraph. To the extent this paragraph contains additional allegations requiring a response, Empire Defendants deny them.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST EMPIRE
FOR A DECLARATORY JUDGMENT WITH RESPECT TO
EMPIRE'S UNAUTHORIZED ARRANGEMENT WITH UWF
PURPORTING TO PROVIDE UWF MEMBERS WITH IN-NETWORK
ACCESS TO NORTHWELL'S FACILITIES AND PRACTITIONER GROUP**

16. Empire Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

17. Paragraph 17 consists of Plaintiff's characterization of "an Amendment to the Participating Hospital Agreements." This document speaks for itself and on that basis Empire Defendants deny the allegations in this paragraph. To the extent this paragraph contains additional allegations requiring a response, Empire Defendants deny them.

18. Paragraph 18 consists of Plaintiff's characterization of "an Amendment to the Participating Hospital Agreements." This document speaks for itself, and on that basis Empire Defendants deny the allegations in this paragraph. To the extent this paragraph contains additional allegations requiring a response, Empire Defendants deny them.

19.     Paragraph 19 selectively quotes from and contains Plaintiff's characterization of the "2008 Amendment."   This document speaks for itself and on that basis Empire Defendants deny the allegations in this paragraph.   To the extent this paragraph contains additional allegations requiring a response, Empire Defendants deny them.

20.     Empire Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and, on that basis, deny them.

21.     Paragraph 21 contains legal conclusions to which no response is required.  To the extent paragraph 21 contains allegations requiring or response, Empire Defendants deny them.

22.     On information and belief, Empire Defendants admit the allegations in the second sentence of paragraph 22.  Empire Defendants deny the remaining allegations in this paragraph.

23.     Empire Defendants admit that Plaintiff participates in one or more of Empire Defendants' networks pursuant to one or more agreements between Plaintiff and the Empire Defendants. The remaining allegations in paragraph 23 contain Plaintiff's characterization of the case and conclusions, to which no response is required.  To the extent a response is required, Empire Defendants deny the remaining allegations in this paragraph.

24.     Empire Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, and, on that basis, deny them.

25.     Empire Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and, on that basis, deny them.

26.     Paragraph 26 contains Plaintiff's characterization of the case and legal conclusions, to which no response is required.  To the extent a response is required, Empire Defendants deny the allegations in this paragraph.

27.     The allegations in paragraph 27 constitute legal conclusions that require no response.  To the extent this paragraph contains allegations requiring a response, Empire Defendants deny them.

28.     The allegations in paragraph 28 constitute legal conclusions that require no response.  To the extent this paragraph contains allegations requiring a response, Empire Defendants deny them.

29.     Empire Defendants deny the allegations in paragraph 29.

30.     Empire Defendants deny the allegations in paragraph 30.

31.     Paragraph 31 contains Plaintiff's characterization of the relief sought in this action to which no response is required.  To the extent a response to the allegations in this paragraph is required, Empire Defendants deny them and further deny that Plaintiff is entitled to any of the relief sought in this paragraph.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST EMPIRE FOR A DECLARATORY JUDGMENT WITH RESPECT TO EMPIRE'S FAILURE TO EXCLUDE UWF FROM IN-NETWORK <u>ACCESS TO NORTHWELL'S FACILITIES AND PRACTITIONER GROUP</u>

32.     Empire Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

33.     Paragraph 33 consists of Plaintiff's characterization of agreements with Empire Defendants.  Those documents speak for themselves, and on that basis Empire Defendants deny the allegations in this paragraph.  To the extent this paragraph contains additional allegations requiring a response, Empire Defendants deny them.

34.     To the extent paragraph 34 contains Plaintiff's characterizations of communications between Plaintiff and Empire Defendants, any records regarding such communications speak for themselves, and on that basis Empire Defendants deny those

allegations.  To the extent paragraph 34 contains additional allegations requiring a response, Empire Defendants deny them.

35.    Paragraph 35 consists of Plaintiff's characterization of agreements with Empire Defendants.  Those documents speak for themselves, and on that basis Empire Defendants deny the allegations in this paragraph.  To the extent this paragraph contains additional allegations requiring a response, Empire Defendants deny them.

36.    Empire Defendants deny the allegations in paragraph 36.

37.    Paragraph 37 consists of Plaintiff's characterization of "Participating Hospital Agreements" and a "contract between defendants."  Those documents speak for themselves, and on that basis, Empire Defendants deny the allegations of this paragraph.  To the extent this paragraph contains additional allegations requiring a response, Empire Defendants deny them.

38.    Empire Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 38, and, on that basis, deny them. Empire Defendants deny the allegations the remaining allegations in this paragraph.

39.    Paragraph 39 contains Plaintiff's characterization of the relief sought in this action to which no response is required.  To the extent a response to the allegations in this paragraph is required, Empire Defendants deny them and further deny that Plaintiff is entitled to any of the relief sought in this paragraph.

**AS AND FOR A THIRD CAUSE OF ACTION
AGAINST EMPIRE FOR BREACH OF THE
PARTICIPATING HOSPITAL AGREEMENT AND
THE PARTICIPATING PRACTITIONER AGREEMENT**

40.    Empire Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

41.    Empire Defendants deny the allegations in paragraph 41.

42.    Empire Defendants deny the allegations in paragraph 42.

43.    Empire Defendants deny the allegations in paragraph 43.

44.    Empire Defendants deny the allegations in paragraph 44.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**AGAINST UWF FOR BREACH OF CONTRACT**

45.    Empire Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

46.    The allegations in this paragraph do not concern a claim against Empire Defendants and therefore do not require a response.  To the extent a response is required, Empire Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations the first and second sentence of paragraph 46, and, on that basis, deny them.  The third sentence of paragraph 46 contains Plaintiff's characterization of insurance cards, which are documents that speak for themselves, and on that basis Empire Defendants deny the allegations in the third sentence of this paragraph.

47.    The allegations in this paragraph do not concern a claim against Empire Defendants and therefore do not require a response.  To the extent a response is required, paragraph 47 consists of Plaintiff's characterization of "Participating Hospital Agreements and the Participating Practitioner Agreement."  Those documents speak for themselves, and on that basis, Empire Defendants deny the allegations in this paragraph.  To the extent this paragraph contains additional allegations requiring a response, Empire Defendants deny them.

48.    The allegations in this paragraph do not concern a claim against Empire Defendants and therefore do not require a response.  To the extent a response is required, paragraph 48 consists of Plaintiff's characterization of "Participating Hospital Agreements and the Participating Practitioner Agreement."  Those documents speak for themselves, and on that

basis, Empire Defendants deny the allegations in this paragraph.  To the extent this paragraph contains additional allegations requiring a response, Empire Defendants deny them.

49.     The allegations in this paragraph do not concern a claim against Empire Defendants and therefore do not require a response.  To the extent a response is required, Empire Defendants admit that United Welfare Fund contracted with Empire BlueCross BlueShield.  That document speaks for itself, and on that basis, Empire Defendants deny the remaining allegations in this paragraph.

50.     The allegations in this paragraph do not concern a claim against Empire Defendants and therefore do not require a response.  To the extent a response is required, Empire Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50, and, on that basis, deny them.

51.     The allegations in this paragraph do not concern a claim against Empire Defendants and therefore do not require a response.  To the extent a response is required, Empire Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51, and, on that basis, deny them.

52.     The allegations in this paragraph do not concern a claim against Empire Defendants and therefore do not require a response.  To the extent a response is required, Empire Defendants deny the allegations in paragraph 52.

53.     The allegations in this paragraph do not concern a claim against Empire Defendants and therefore do not require a response.  To the extent a response is required, Empire Defendants deny the allegations in paragraph 53.

54.     The allegations in this paragraph do not concern a claim against Empire Defendants and therefore do not require a response.  To the extent a response is required, Empire Defendants deny the allegations in paragraph 54.

## AS AND FOR A FIFTH CAUSE OF ACTION
## AGAINST UWF FOR VIOLATIONS OF INSURANE LAW, SECTION 3224-a

55.     Empire Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

56.     The allegations in this paragraph do not concern a claim against Empire Defendants and therefore do not require a response.  Further, the allegations in paragraph 56 purport to quote from Section 3224-a of the New York State Insurance Law and constitute legal conclusions that require no response.  To the extent this paragraph contains allegations requiring a response, Empire Defendants deny them.

57.     The allegations in this paragraph do not concern a claim against Empire Defendants and therefore do not require a response.  Further, the allegations in paragraph 57 purport to quote from Section 3224-a of the New York State Insurance Law and constitute legal conclusions that require no response.  To the extent this paragraph contains allegations requiring a response, Empire Defendants deny them.

58.     The allegations in this paragraph do not concern a claim against Empire Defendants and therefore do not require a response.  Further, the allegations in paragraph 58 constitute legal conclusions that require no response.  To the extent this paragraph contains allegations requiring a response, Empire Defendants deny them.

59.     The allegations in this paragraph do not concern a claim against Empire Defendants and therefore do not require a response.  To the extent a response is required, Empire Defendants deny the allegations in paragraph 59.

60.    The allegations in this paragraph do not concern a claim against Empire Defendants and therefore do not require a response.  To the extent a response is required, Empire Defendants deny the allegations in paragraph 60.

## AS AND FOR A SIXTH CAUSE OF ACTION
## AGAINST UWF FOR UNJUST ENRICHMENT

61.    Empire Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

62.    The allegations in this paragraph do not concern a claim against Empire Defendants and therefore do not require a response.  Further, the allegations in paragraph 62 constitute legal conclusions that require no response.  To the extent this paragraph contains allegations requiring a response, Empire Defendants deny them.

63.    The allegations in this paragraph do not concern a claim against Empire Defendants and therefore do not require a response.  To the extent a response is required, Empire Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63, and, on that basis, deny them.

64.    The allegations in this paragraph do not concern a claim against Empire Defendants and therefore do not require a response.  To the extent a response is required, Empire Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64, and, on that basis, deny them.

65.    The allegations in this paragraph do not concern a claim against Empire Defendants and therefore do not require a response.  To the extent a response is required, Empire Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65, and, on that basis, deny them.

66.     The allegations in this paragraph do not concern a claim against Empire Defendants and therefore do not require a response.  To the extent a response is required, Empire Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66, and, on that basis, deny them.

67.     The allegations in this paragraph do not concern a claim against Empire Defendants and therefore do not require a response.  Further, the allegations in paragraph 67 constitute legal conclusions that require no response.  To the extent this paragraph contains allegations requiring a response, Empire Defendants deny them.

68.     The allegations in this paragraph do not concern a claim against Empire Defendants and therefore do not require a response.  To the extent a response is required, Empire Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68, and, on that basis, deny them.

69.     The allegations in this paragraph do not concern a claim against Empire Defendants and therefore do not require a response.  Further, the allegations in paragraph 69 constitute legal conclusions that require no response.  To the extent this paragraph contains allegations requiring a response, Empire Defendants deny them.

## AS AND FOR AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST UWF FOR QUANTUM MERUIT

70.     Empire Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

71.     The allegations in this paragraph do not concern a claim against Empire Defendants and therefore do not require a response.  Further, the allegations in paragraph 71 constitute legal conclusions that require no response.  To the extent this paragraph contains allegations requiring a response, Empire Defendants deny them.

72.     The allegations in this paragraph do not concern a claim against Empire Defendants and therefore do not require a response.  To the extent a response is required, Empire Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72, and, on that basis, deny them.

73.     The allegations in this paragraph do not concern a claim against Empire Defendants and therefore do not require a response.  To the extent a response is required, Empire Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73, and, on that basis, deny them.

74.     The allegations in this paragraph do not concern a claim against Empire Defendants and therefore do not require a response.  To the extent a response is required, Empire Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74, and, on that basis, deny them.

75.     The allegations in this paragraph do not concern a claim against Empire Defendants and therefore do not require a response.  Further, the allegations in paragraph 75 constitute legal conclusions that require no response.  To the extent this paragraph contains allegations requiring a response, Empire Defendants deny them.

76.     The allegations in this paragraph do not concern a claim against Empire Defendants and therefore do not require a response.  To the extent a response is required, Empire Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76, and, on that basis, deny them.

77.     The allegations in this paragraph do not concern a claim against Empire Defendants and therefore do not require a response.  Further, the allegations in paragraph 77

constitute legal conclusions that require no response.  To the extent this paragraph contains allegations requiring a response, Empire Defendants deny them.

78.     The allegations in this paragraph do not concern a claim against Empire Defendants and therefore do not require a response.  Further, the allegations in paragraph 78 constitute legal conclusions that require no response.  To the extent this paragraph contains allegations requiring a response, Empire Defendants deny them.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
**AGAINST UWF FOR A JUDGMENT DECLARING THAT UWF**
**AND ITS MEMBERS ARE EXCLUDED FROM IN-NETWORK ACCESS TO**
**NORTHWELL'S FACILITIES AND PRACTITIONER GROUP**

79.     Empire Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

80.     The allegations in this paragraph do not concern a claim against Empire Defendants and therefore do not require a response.  Further, the allegations in paragraph 80 constitute legal conclusions that require no response.  To the extent this paragraph contains allegations requiring a response, Empire Defendants deny them.

81.     The allegations in this paragraph do not concern a claim against Empire Defendants and therefore do not require a response.  Further, paragraph 81 contains Plaintiff's characterization of the relief sought in this action to which no response is required.  To the extent a response to the allegations in this paragraph is required, Empire Defendants deny them.

82.     The allegations in this paragraph do not concern a claim against Empire Defendants and therefore do not require a response.  Further, paragraph 82 contains Plaintiff's characterization of the relief sought in this action to which no response is required.  To the extent a response to the allegations in this paragraph is required, Empire Defendants deny them.

## OTHER ALLEGATIONS

83.     The "Wherefore" clause and sub-clauses or sentences enumerated as (a) – (i) on pages 24-27 of the Complaint set forth legal conclusions and agreement and Plaintiff's characterization of the relief sought in this action, which require no response.  To the extent a response is required, Empire Defendants deny any liability, in any form or amount, to Plaintiff.

84.     Except as expressly admitted above, Empire Defendants deny all of the allegations in the Complaint.

Dated: January 25, 2021                          Respectfully submitted,

                                                 HOGAN LOVELLS US LLP

                              By:    /s/ *Robin L. Muir*
                                        Robin L. Muir
                                     390 Madison Avenue
                                     New York, New York 10017
                                     Tel:  (212) 918-3000
                                     Fax:  (212) 918-3100
                                     robin.muir@hoganlovells.com

                                     Peter R. Bisio*
                                     Briana L. Black*
                                     555 Thirteen Street, N.W.
                                     Washington, DC 20004
                                     peter.bisio@hoganlovells.com
                                     briana.black@hoganlovells.com
                                     (202) 637-5600 (phone)
                                     (202) 637-5910 (fax)

                                     *Counsel for Defendants Empire HealthChoice Assurance, Inc. d/b/a Empire BlueCross BlueShield, and Empire HealthChoice HMO, Inc.*

                                     * pro hac vice motion to be submitted

## **AFFIRMATIVE DEFENSES**

Empire Defendants assert the following individual defenses based on the information that is currently available to it.  As such, Empire Defendants reserve the right to amend these defenses as additional information becomes available.  By setting form the following defenses, Empire Defendants do not assume the burden of proof on any matters or issues other than those on which Empire Defendants bears the burden of proof as a matter of law:

### FIRST AFFIRMATIVE DEFENSE

1.     Plaintiff's Complaint fails to state a claim against Empire Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.     Plaintiff's Complaint is barred, in whole or in part, by the applicable statutory or contractual limitations.

### THIRD AFFIRMATIVE DEFENSE

3.     Plaintiff's Complaint is barred, in whole or in part, by the doctrines of waiver, estoppel, acquiescence, accord and satisfaction, release, constructive knowledge and/or unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

4.     The Complaint must be dismissed for failure to join one or more indispensable parties.

### FIFTH AFFIRMATIVE DEFENSE

5.     Plaintiff's Complaint is barred, in whole or in part, by Plaintiff's failure to exhaust administrative and/or contractual remedies and to perform all conditions precedent.

## SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff failed to seek appeals and/or failed to timely seek appeals of the claim denials at issue within the time required by the United Welfare Fund Welfare Benefit Plan (the "Plan") or other applicable welfare benefit plan.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Upon information and belief, one or more of the individual causes of action in Plaintiff's Complaint are preempted by the Employee Retirement Income Security act of 1974, as amended, 29 U.S.C. §1001 *et seq*.

## EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiff's claims are barred, in whole or in part, because Plaintiff does not have a valid assignment of benefits from the Plan participant or beneficiary and cannot assert the participant or beneficiary's rights against Empire Defendants or Defendant United Welfare Fund.

## NINTH AFFIRMATIVE DEFENSE

9.      Plaintiff's claims fail, in whole or in part, to the extent the amounts sought by Plaintiff for the alleged services rendered are not covered by the Plan, are in excess of the amount allowed by the Plan, are unreasonable or unconscionable, and/or are violative of state or federal law.  Empire Defendants adopt and incorporate herein by reference, without limitation, the terms and provisions of the Plan in defense of Plaintiff's claims.

## TENTH AFFIRMATIVE DEFENSE

10.      Plaintiff is not an intended third-party beneficiary of any contract between the Empire Defendants and any other party, including but not limited to Defendant United Welfare Fund.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiff's claims fail, in whole or in part, to the extent Plaintiff has not suffered any actual injury or damage.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Plaintiff's claims fail, in whole or in part, to the extent Plaintiff failed to mitigate damages, if any.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiff's claims are barred by the express terms and conditions of the agreements and understandings that Plaintiff seeks to enforce.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiff's claims are barred by the clear intent of the parties evidenced by the agreements and understandings Plaintiff seeks to enforce.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     Plaintiff's claims are barred, in full or in part, because Plaintiff was fully informed of and agreed to all material terms in any agreements between Plaintiff and Empire Defendants, and ratified their agreement to these terms.

## SIXTHEENTH AFFIRMATIVE DEFENSE

16.     Plaintiff's claims fail because Empire Defendants at all times acted reasonably and in good faith.

## SEVENTHEEN AFFIRMATIVE DEFENSE

17.     Plaintiff is not entitled to any relief because Empire Defendants has not engaged in any conduct that is a violation of any law or legal obligation

## EIGTHEENTH AFFIRMATIVE DEFENSE

18.    Plaintiff's claims are barred, in whole or in part, by the doctrine of election of remedies.

WHEREFORE, Empire Defendants respectfully request that the Court:

(a)    Deny all relief sought by Plaintiff, and dismiss Plaintiff's Complaint with prejudice; and

(b)    Award Empire Defendants such other further legal or equitable relief as the Court deems appropriate.

Dated: January 25, 2021                      Respectfully submitted,

                                             HOGAN LOVELLS US LLP

                               By:    /s/ *Robin L. Muir*
                                      Robin L. Muir
                                      390 Madison Avenue
                                      New York, New York 10017
                                      Tel:  (212) 918-3000
                                      Fax:  (212) 918-3100
                                      robin.muir@hoganlovells.com

                                      Peter R. Bisio*
                                      Briana L. Black*
                                      555 Thirteen Street, N.W.
                                      Washington, DC 20004
                                      Peter.bisio@hoganlovells.com
                                      Briana.black@hoganlovells.com
                                      (202) 637-5600 (phone)
                                      (202) 637-5910 (fax)

                                      *Counsel for Defendants Empire HealthChoice Assurance, Inc. d/b/a Empire BlueCross BlueShield, and Empire HealthChoice HMO, Inc.*

                                      * pro hac vice motion to be submitted

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 25th day of January, 2021, I caused the foregoing document to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice to all appearing parties.  Parties may access this filing through the Court's ECF System.

Dated: January 25, 2021

/s/    <u>*Robin L. Muir*            </u>
Robin L. Muir
