**BUTLER TIBBETTS**

Thomas Noonan
*Partner*

Admitted: NY, CT, PA
tnoonan@butlertibbetts.com

January 20, 2022

**SENT VIA ECF ONLY**

Magistrate Judge Steven I. Locke
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re:   Northwell Health, Inc. v. United Welfare Fund, et al.
      No.: 21-CV-00020 (GB)(AKT)

Dear Magistrate Judge Locke,

My office represents the plaintiff, Northwell Health, Inc. (Northwell), in the above captioned lawsuit. I write to request a 30-day adjournment of the discovery conference (and status conference) currently scheduled for January 25, 2022, and the Discovery Status Report due on January 22, 2022. Counsel for the defendants join in this request.

Northwell commenced this case against the defendants predominantly as a result of systematic unpaid or underpaid healthcare claims.

On September 17, 2021 (Docket Entry 26), the Court entered a scheduling order whereby it scheduled a discovery status conference on January 25, 2022, and ordered the parties to submit a Discovery Status Report on January 22, 2022. The Court then entered an order on November 17, 2021 adopting the September 17th scheduling order and scheduling a status conference for January 25th.

Since the Court's entry of the September 17th scheduling order, the parties have performed substantial discovery, though compliance and disputes still exist. Outstanding compliance issues predominantly exist due to the parties' limited resources as a result of dealing with the pandemic. For Northwell (who operates hospitals in its health system), the staff that would compile the documentation has been reduced to two people that primarily work remotely.

The parties have reduced the number of claims at issue as a result of discovery conducted thus far; and expect to withdraw Northwell's first cause of action and part of its third cause of action. The parties continue to work diligently to resolve the remaining claims in this case and narrow the issues.

In light of the resolution of claims to date, counsel for the parties spoke earlier this week and expect to put a process in place to review the remaining claims at issue. This process will be helpful to potentially resolve the claims and narrow the issues, which will, in turn, reduce the amount of outstanding discovery. For example, if the dispute about a healthcare claim deals only

with whether a preauthorization was obtained, then the parties may not need to exchange medical records, which prevents the parties from wasting time and resources obtaining and producing the medical records.

Counsel for the parties expect to use the 30-day adjournment to review outstanding claims and discovery, and therefore respectfully request that the court adjourn the January 22nd deadline for the Discovery Status Report and the conference(s) scheduled for January 25th.

Thank you for your time and attention to this matter.

Respectfully submitted,

Thomas B. Noonan

cc via ECF
    all counsel of record